# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Janice Margenette Jones,

            Plaintiff,        Case No. 17-cv-13725

v.                                    Judith E. Levy
                                    United States District Judge

TCF National Bank, *et al.*,

                                    Mag. Judge Stephanie Dawkins
           Defendants.     Davis

_____/

## ORDER GRANTING DEFENDANT OFFICE OF PERSONNEL MANAGEMENT-RETIREMENT SYSTEM'S MOTION TO DISMISS [4] AND GRANTING DEFENDANT TCF NATIONAL BANK'S UNOPPOSED
## <u>MOTION FOR SUMMARY JUDGMENT [20]</u>

This matter arose when defendant U.S. Office of Personnel Management-Retirement Services Program ("OPM") deposited plaintiff's disability payment in a closed bank account. Defendant TCF National Bank ("TCF") returned the payment to OPM according to its policy for deposits made into closed accounts. Plaintiff filed suit to recover the funds, despite the funds having been deposited into a different account under her control at TCF. (Dkt. 20-8.)

This case is now before the Court on two motions: OPM's motion to dismiss for lack of subject matter jurisdiction (Dkt. 4) and TCF's motion for summary judgment. (Dkt. 20.) TCF's motion for summary judgment is unopposed.[1]

## I. OPM's Motion to Dismiss

The first motion filed in this case is OPM's motion to dismiss for lack of subject matter jurisdiction. OPM argues that plaintiff was obligated to exhaust her administrative remedies prior to suit but failed to do so.

    a. Legal Standard

"Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). Relevant here, a facial attack "questions [ ] the sufficiency of the pleading." *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016) (quoting *O'Bryan v. Holy See*, 556 f.3d 361, 375 (6th

---

[1] Plaintiff filed a response to TCF's motion for summary judgment, but the document contained in that response is the same brief she filed in response to OPM's motion to dismiss. (Dkt. 22.) The brief is not responsive to TCF's motion. Assuming this was a clerical error, the Court contacted plaintiff's counsel by phone about fixing the mistake, but counsel indicated there was no mistake.

Cir. 2009)). "When reviewing a facial attack, a district court takes the allegations in the complaint as true." *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015) (quoting *Gentek*, 491 F.3d at 330). "If those allegations establish federal claims, jurisdiction exists." *O'Bryan*, 556 F.3d at 376. But, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Rote*, 816 F.3d at 387 (quoting *O'Bryan*, 556 F.3d at 376). "This approach is identical to the approach used by the district court when reviewing a motion invoking Federal Rule of Civil Procedure 12(b)(6)." *Glob. Tech.*, 807 F.3d at 810.

  b. <u>Analysis</u>

OPM argues this case should be dismissed because plaintiff brings a claim for money damages against the United States and fails to plead the applicable waiver of sovereign immunity. According to OPM, the Civil Service Reform Act ("CSRA") is the exclusive avenue for plaintiff to bring her claim, and she has not pleaded that she exhausted the administrative remedies required by the scheme.

Plaintiff responds by arguing that the Administrative Procedures Act ("APA") controls and provides her with a right to judicial review. She

also argues in the alternative that the Federal Tort Claims Act ("FTCA") is the proper avenue for adjudicating her claim against OPM.

As an initial matter, plaintiff's contention that the APA allows her to bring this action in federal court is incorrect. The APA allows "'[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute,' . . . to bring '[a]n action in a court of the United States seeking relief *other than money damages* . . . .'" *Lane v. Pena*, 518 U.S. 187, 196 (1996) (quoting 5 U.S.C. § 702) (emphasis in original). Plaintiff's complaint in this case seeks an award "in an amount in excess of $25,000" for both of her claims against OPM. (Dkt. 1 at 15-16.) Accordingly, the APA does not apply in this case.

Regardless of whether the CSRA or the FTCA applies to plaintiff's claim—an issue the Court does not decide here—plaintiff's claim is barred for failure to exhaust her administrative remedies.

### i. CSRA

Federal employee disability payments are governed by the CSRA's statutory scheme. *Lindahl v. Office of Personnel Management*, 470 U.S. 768, 771 (1985). OPM "shall adjudicate all claims" arising under the

4

CSRA. *Fornaro v. James*, 416 F.3d 63, 64 (D.C. Cir. 2005). Any "administrative action or order affecting the rights or interests of an individual" pursuant to the CSRA "may be appealed to the Merit Systems Protection Board [("the Board")]," an arm of OPM. 5 U.S.C. § 8461(e)(1); *see also* 5 U.S.C. § 7701. Only after the Board has heard a claim, may a plaintiff take that claim to court. 5 U.S.C. § 7703(a)(1). Any claim reviewing a decision of the Board must be filed with the United States Court of Appeals for the Federal Circuit. § 7703(b)(1)(A). "This procedure is the only avenue for judicial review of [ ] benefits determinations." *Eisenbeiser v. Chertoff*, 448 F. Supp. 2d 106, 109 (D.D.C. 2006).

Plaintiff does not allege that she filed an administrative claim with the Board prior to filing this suit. Even if she had filed an administrative claim with the Board prior to filing this suit, she was required to file suit in the Court of Appeals for the Federal Circuit. This Court has no jurisdiction to hear the case, as the CSRA's procedures requiring a plaintiff to first appeal to the Board and then to the Federal Circuit is "the only avenue for judicial review of [ ] benefits determinations." *See Eisenbeiser*, 448 F. Supp. 2d at 109. Accordingly, plaintiff's complaint

5

shows no "arguable basis in law for the claim made," and must be dismissed. *See Musson Theatrical*, 89 F.3d at 1248.

### ii. FTCA

Plaintiff argues that her claim is not covered by the CSRA because it does not challenge an administrative decision, and instead seeks damages for tortious conduct committed by the United States, to which the FTCA applies.

Even if the FTCA applies, plaintiff's claim still fails. "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). In order to satisfy the FTCA's pre-suit exhaustion requirement, a plaintiff must "first present[] the claim to the appropriate Federal agency" and have that claim "finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).

Plaintiff alleges she spoke with representatives from TCF about her claim prior to filing suit, but makes no similar allegations with respect to OPM. In addition, plaintiff does not allege that OPM denied her claim in writing.

Accordingly, because plaintiff does not allege that she exhausted her remedies, the Court lacks jurisdiction to hear her case. *See* 28 U.S.C. § 2675(a).

   c. Leave to Amend the Complaint

Plaintiff requests leave to amend her complaint in the event the Court decides dismissal is appropriate. (Dkt. 6 at 10.) At this stage of the litigation, a court may grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). But, motions for leave to amend are not granted "in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Amendment in this case would be futile. If the CSRA is the applicable statutory scheme, an amendment that alleges exhaustion of administrative remedies would be futile because that statutory scheme only allows for suit in the Court of Appeals for the Federal Circuit. *See* 5 U.S.C. § 7703(b)(1)(A). If the FTCA is the appropriate statutory scheme, an amendment alleging exhaustion would also be futile because the

FTCA "require[s] complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil*, 508 U.S. at 112.

For these reasons, OPM's motion to dismiss is GRANTED.

## II. Motion for Summary Judgment

TCF filed a motion for summary judgment, arguing there is no dispute of fact and the claims against it must be dismissed because plaintiff received the funds in dispute in this lawsuit. (Dkt. 20.) Plaintiff responded to defendant's motion, but did so by submitting the brief she prepared to defend against OPM's motion to dismiss. (Dkt. 22.) Plaintiff's brief in response does not address any part of TCF's motion for summary judgment.

### a. Legal Standard

Where a non-moving party fails to respond to a motion for summary judgment, "the Federal Rules of Civil Procedure still require the moving party to demonstrate the absence of a disputed question of material fact and a ground that would entitle the moving party to judgment as a matter of law." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419

(6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). "When a non-moving party fails to respond, therefore, the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Id.*

   b. <u>Analysis</u>

Plaintiff asserts three claims against TCF: conversion, unjust enrichment, and violation of the Michigan Consumer Protection Act. TCF has carried its burden to "demonstrate the absence of a disputed question of material fact and a ground that would entitle the moving party to judgment as a matter of law." *See Miller*, 141 F. App'x at 419.

Plaintiff's first claim against TCF is for conversion. "In Michigan, conversion is defined generally as 'any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein.'" *Sarver v. Detroit Edison Co.*, 225 Mich. App. 580, 585 (1997) (quoting *Foremost Ins. Co. v. Allstate Ins. Co.*, 439 Mich. 378, 391 (1992)). Damages in a conversion action are the value of the converted property at the time of conversion. *Ehman v. Libralter Plastics, Inc.*, 207 Mich. App. 43, 45 (1994).

9

TCF has demonstrated that no rational juror could find that it converted the funds plaintiff alleges she did not receive. TCF's Vice President for Retail Banking Support explains in an affidavit that because the funds at issue were deposited in a closed account, the money "was rejected and returned to the Government." (Dkt. 20-2 at 3.) This was not wrongful interference with plaintiff's right to the payment; rather, TCF could not deposit the money in a closed account and, as a result, returned it to its source pursuant to its policy. Moreover, TCF's evidence demonstrates plaintiff actually received the money in a different account at a later date. (Dkt. 20-8.) Accordingly, TCF has carried its burden at summary judgment with respect to the conversion claim.

Plaintiff's second claim against TCF is for unjust enrichment. To make out a claim for unjust enrichment, a plaintiff must demonstrate "(1) receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant." *Barber v. SMH (US), Inc.*, 202 Mich. App. 366, 375 (1993) (citing *Dumas v. Auto Club Ins. Ass'n*, 437 Mich. 521, 546 (1991)). Summary judgment in TCF's favor is appropriate for this claim because TCF did not receive

any benefit, and, because plaintiff eventually obtained the funds at issue (Dkt. 7), there was no "inequity resulting to plaintiff." *See id.*

Plaintiff's third claim against TCF is for violations of the Michigan Consumer Protection Act ("MCPA"). She alleges TCF violated the MCPA by "retaining [ ] plaintiff's annuity funds," providing "verbal assurances that the funds will be transferred to another account," and "failing to reveal the material fact as to where the funds actually [were]." (Dkt. 1 at 14.) This conduct allegedly misled plaintiff in violation of Mich. Comp. Laws § 445.903(1)(s), (v), (y). In addition, she alleges TCF made misrepresentations in violation of Mich. Comp. Laws § 445.903(bb), (cc).

Plaintiff brings this action for money damages under the MCPA, but that statute only allows suit for money damages by "a person who suffers loss as a result of a violation of this act." Mich. Comp. Laws § 445.911(2). Here, TCF has demonstrated that plaintiff received the funds at issue in this case. (Dkt. 20-8.) Accordingly, plaintiff did not suffer a loss, and is therefore not entitled to bring suit under the MCPA.

For these reasons, TCF's unopposed motion for summary judgment is GRANTED.

### III. Conclusion

For the reasons set forth above, OPM's motion to dismiss (Dkt. 4) is GRANTED, and TCF's unopposed motion for summary judgment (Dkt. 20) is also GRANTED.

IT IS SO ORDERED.

Dated: August 28, 2018  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 28, 2018.

s/Shawna Burns
SHAWNA BURNS
Case Manager